IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRENDA MOSLEY                                                                   PLAINTIFF

v.                                         CIVIL ACTION NO. 3:05CV41 HTW/JCS

MISSISSIPPI DEPARTMENT OF CORRECTIONS
AND JOHN DOES 1-10                                     DEFENDANTS

**JURY DEMAND**

## COMPLAINT

**COMES NOW** the Plaintiff, Brenda Mosley, and files this, her Complaint, for discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and in support thereof, would show unto the Court the following:

## PARTIES

1. Plaintiff Brenda Mosley is a Black adult resident citizen of Greene County, Mississippi.

2. The Mississippi Department of Corrections is a duly authorized agency of the State of Mississippi. The Mississippi Department of Corrections may be served by serving its commissioner, Christopher Epps, at his place of business, 723 N. President Street, Jackson, Mississippi 39202. The Mississippi Department of Corrections is a covered employer under Title VII of the Civil Rights Act of 1964, having more than twenty (20) employees.

3. Defendants John Does 1-10 are unknown individuals, corporations and/or other entities who are liable to Plaintiff for the acts described in this complaint. The John Doe Defendants also include the corporate predecessors and/or successors who have assumed or are otherwise liable

for the conduct of Defendant. The John Doe Defendants also include any of Defendant's employees, agents and/or representatives who are liable to Plaintiff for the acts described in this complaint. Defendants John Doe 1-10 include but are not limited to any other nurses who participated in the tortuous actions set out below who may be an independent contractor.

## JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1343.

## FACTS

5. Brenda Mosley is employed by the Mississippi Department of Corrections in Leakesville, Mississippi.

6. On March 9, 2004, Ms. Mosley received correspondence from the Department of Corrections, stating that she had been issued a Group III, Number 4 Offense.

7. Based on the correspondence received by Ms. Mosley on March 9, 2004, she was being accused of allegedly falsifying time sheets.

8. Ms. Mosley had previously filed a charge of discrimination against her employer, the Mississippi Department of Corrections, and on February 27, 2004, the Equal Employment Opportunity Commission determined that there was reasonable cause to believe that Ms. Mosley had been discriminated against by the Mississippi Department of Corrections.

9. Soon after receiving the notice of the charge of a Group III, Number 4 Offense, Ms. Mosley, began to experience unfounded scrutiny and criticism regarding the terms and conditions of her employment.

10. Additionally, the Group III, Number 4 Offense resulted in Ms. Mosley being docked pay from her work.

11. Ms. Mosley filed her charge of discrimination against the Mississippi Department of Corrections, on March 18, 2004.

12. On October 18, 2004, the United States Department of Justice issued Ms. Mosley a notice of right to sue.

## CAUSES OF ACTION

### COUNT I

13. Defendant's actions constituted unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on retaliation.

14. As a result of the Defendant's action the Plaintiff was damaged in loss of pay, and in mental and emotional anguish and distress.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff prays that this Complaint be filed and upon final hearing hereof, that this Court will grant Brenda Mosley the following relief:

1. Any back pay owed;

2. Front pay, if necessary;

3. Compensatory damages in an amount to be determined based on evidence presented;

4. Reasonable attorneys' fees and costs;

and such other general relief as this Court deems appropriate.

This the 18 day of January, 2005.

RESPECTFULLY SUBMITTED,

BRENDA MOSLEY

*/s/ Brenda Mosley*
PRO SE



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5058 8434

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

October 18, 2004

Ms. Brenda Mosley
P.O. Box 390
State Line, MS  39362

Re: EEOC Charge Against Mississippi Dept. of Corrections
    No. 131200402804

Dear Ms. Mosley:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

R. Alexander Acosta
Assistant Attorney General
Civil Rights Division

by *Karen J. Ferguson*

Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc: Jackson Area Office, EEOC
    Mississippi Dept. of Corrections